IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

TYRONE NUNN, SR.                    §

VS.                                 §        CIVIL ACTION NO. 1:11cv633

M. MARTIN                           §

## MEMORANDUM OPINION

Petitioner Tyrone Nunn, Sr., an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Analysis

Petitioner is not challenging the manner in which his sentence is being executed. Instead, he attacks the legality of his conviction. A motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 is the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). In contrast, a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is normally the method to attack the manner in which a sentence is being executed.

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.), *cert. denied*, 534 U.S. 1001 (2001). A prisoner may use Section 2241 as the vehicle for attacking a conviction only if it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality

of his detention." 28 U.S.C. § 2255. A petitioner bears the burden of proving the inadequacy or ineffectiveness of the remedy provided by Section 2255. *Jeffers*, 253 F.3d at 830. A prior unsuccessful motion to vacate filed pursuant to Section 2255 does not make Section 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878.

The United States Court of Appeals for the Fifth Circuit has set forth two requirements a petitioner must satisfy to demonstrate that the remedy provided by Section 2255 is inadequate or ineffective. The petitioner must establish that his grounds for review: (1) are based on a retroactively applicable Supreme Court decision which establishes the petitioner may have been convicted of a nonexistent offense and (2) were foreclosed by circuit law at the time when the ground for review could have been raised in petitioner's trial, direct appeal or initial motion to vacate. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). In order to satisfy the first prong of the test, the petitioner must show that, based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. *Jeffers*, 253 F.3d at 830-31.

Petitioner asserts numerous reasons in support of his contention that he should not be imprisoned. However, as petitioner has not demonstrated he was convicted of a nonexistent offense or that his grounds for review are based on a retroactively applicable Supreme Court decision and were foreclosed by circuit law when they could have been raised, he has failed to satisfy

2

either prong of the *Reyes-Requena* test.  Petitioner's grounds for review are therefore not cognizable in a petition filed pursuant to Section 2241.

Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be dismissed.  An appropriate final judgment shall be entered.

**SIGNED** this the 27 day of **December, 2011.**


Thad Heartfield
United States District Judge